UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAROL PETERSON,
RICHARD PETERSON

VERSUS

C.R. BARD, INC., BARD PERIPHERAL
VASCULAR, INC.

CIVIL ACTION

NO. 13-528-JJB

### RULING ON MOTION TO DISMISS

This matter is before the Court on Defendants' Motion (doc. 9) to Dismiss Claims Not Recognized by Louisiana Products Liability Act. Plaintiffs have filed an opposition (doc. 14). Oral argument is unnecessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Defendants' motion is DENIED.

Plaintiffs bring this action to recover damages arising from an allegedly defective inferior vena cava filter ("IVC filter"), a medical device inserted into the body to prevent blood clots from traveling from the patient's lower body to their heart and lungs, that was surgically placed in the body of Plaintiff, Carol Peterson. The allegedly defective IVC filter cannot be removed from Plaintiff's body without great risk to her life and therefore remains causing her severe pain and costing her significant medical expenses.

Defendants move to dismiss all claims asserted outside of the Louisiana Products Liability Act's ("LPLA") exclusive list of cognizable actions, including those sounding in negligence.[1] In opposition, Plaintiffs point to their recently filed First Amended Complaint (doc.

---

[1] The LPLA only recognizes the following causes of action: (1) defect in construction or composition; (2) defect in design; (3) inadequate warning; and (4) failure to comply with an express warranty. LA. REV. STAT. ANN. 9:28000.51 *et seq.*

17), which removes all causes of action not cognizable under the Louisiana Products Liability Act, maintains its loss of consortium claim, and adds a redhibitory claim.[2]

After reviewing the First Amended Complaint and finding that there are no asserted claims precluded by the LPLA, the Court holds that the Defendants' motion to dismiss is moot.

Accordingly, the Defendants' Motion to Dismiss (doc. 9) is DENIED on the grounds of mootness.

Signed in Baton Rouge, Louisiana, on December 4, 2013.

    _____
    **JUDGE JAMES J. BRADY**
    **UNITED STATES DISTRICT COURT**
    **MIDDLE DISTRICT OF LOUISIANA**

---

[2] A redhibitory claim may coexist with claims brought under the LPLA. *See De Atley et al v. Victoria's Secret Catalogue*, 876 So.2d 112, 115 (La. Ct. App. 4 2004).