UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CAROL PETERSON AND
RICHARD PETERSON

VERSUS

CASE NO. 13-cv-528-JJB-RLB

C.R. BARD, INC. ET AL

**RULING ON MOTION FOR NEW TRIAL**

The matter before this Court is a Motion for New Trial (doc. 107) filed by Plaintiffs Carol and Richard Peterson. As there has not been a trial but a Ruling on Motion for Summary Judgment (doc. 105), followed by a Judgment (doc. 106), this motion is properly classified as a Motion to Alter or Amend a Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Defendants' opposing brief (doc. 109) was also considered. Plaintiffs did not file a reply.

**STANDARD OF REVIEW**

According to the Fifth Circuit, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79 (internal quotations omitted). The proper use of such a motion is "to correct a manifest error of law or fact or to introduce newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473-74 (5th Cir. 1989). Courts in Louisiana have recognized two more grounds upon which such a motion can be granted: "the need to prevent manifest injustice" and "an intervening change in controlling law." *In re Katrina Canal Breaches Consol. Litig.*, No. CIV.A. 05-4182, 2009 WL 5216897, at *1 (E.D. La. Dec. 29, 2009).

## BACKGROUND

This case involves claims by Plaintiffs involving an Inferior Vena Cava ("IVC") Filter implanted in Plaintiff Carol Peterson in 2008. In July of 2012, Carol Peterson was admitted to the hospital for back and flank pain, and it was determined that this was due to a defect in her IVC Filter. The Complaint (doc. 1) was filed on August 13, 2013. This Court previously determined that Plaintiffs knew or should have known the facts necessary to form the basis of a claim on or before July 31, 2012, and that this claim had therefore prescribed by the time it was filed. (Doc. 105, at 5-6).

## ANALYSIS

Plaintiffs have not introduced any new evidence or suggested that there has been a change in controlling law, and this Court does not perceive a risk of "manifest injustice." Therefore, the crucial inquiry here involves manifest error of fact or law. Plaintiffs have asserted the following legal errors: (1) that this Court made inferences favorable to the movant in a Motion for Summary Judgment in violation of Rule 56; (2) that this Court made factual determinations in a ruling on a Motion for Summary Judgment in violation of Rule 56; and (3) that this Court incorrectly applied the "specific defendant" doctrine in determining that Plaintiffs' claim had prescribed. (Doc. 107, at 5-6).

For the first issue, Plaintiffs argue that this Court "drew an inference favorable to the movant" by simply "[accepting] as fact that all of the physicians 'would have informed' Mrs. Peterson" that her injuries were caused by the IVC Filter. (Doc. 107, at 5). This is untrue. This Court considered Mrs. Peterson's discharge summary, which explained fully that her injuries were caused by the filter and the proposed treatment plan. (Doc. 105, at 4-5). This Court also considered the testimony of Mr. Peterson himself as well as two physicians, all of whom were

2

certain that this matter had been discussed with Mrs. Peterson during her hospital stay in July 2012. *Id.* at 5-6. Plaintiffs have not disputed these facts. This Court correctly applied Rule 56, as no inferences were involved.

As for the second issue, the Court has not made factual determinations. Plaintiffs simply claim that Mrs. Peterson was not aware that her injuries were caused by her IVC filter until after August 14th, 2012, without disputing the facts outlined above, which show that she was made aware of this. (Doc. 107, at 4). This does not create a "genuine dispute of material fact" as required by Rule 56.

As for the "specific defendant" issue, Louisiana Courts have consistently held that there must be multiple sources of injury in order for knowledge of a specific defendant to be necessary for prescription to accrue. See *Jordan v. Employee Transfer Corp.*, 509 So. 2d 420, 423-24 (La. 1987). Plaintiffs have provided no law or cases that suggest the contrary, but have simply argued that this should not be the law because it is unfair. (Doc. 107, at 6). This does not constitute a manifest error of law on behalf of this Court. As this Court explained in its ruling, "it is the plaintiff/patient's knowledge of the connection between their alleged injuries and damages and the medical product that is key to the accrual of the cause of action." (Doc. 105, at 4); *Guidry v. Aventis Pharmaceuticals, Inc.*, 418 F. Supp. 2d 835, 841.

## CONCLUSION

For the reasons stated, Plaintiffs' Motion for a New Trial (doc. 107) is hereby **DENIED**. Signed in Baton Rouge, Louisiana, on July 21, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**